## J. Y. HARTFORD'S ADMR. *v.* J. N. LEWIS.

Action—Pleading to—Too Late to Question Capacity to Sue.
>    It is too late to question the capacity of the plaintiff to sue after pleading to action.

APPEAL FROM SHELBY CIRCUIT COURT.

September 27, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

After an issue of fact had been formed by the pleadings, and submitted to a jury, the court came to the conclusion that the petition did not contain a statement of facts sufficient to constitute a cause of action, and therefore ordered a jury to be withdrawn and the petition dismissed, and the propriety of that ruling is called in question by this appeal.

Unaided by any brief or suggestion from counsel for appellee, we are to search for whatever defect we can discover in the petition, and after a patient consideration of the subject, we confess our inability to make the discovery. We conclude that there is a mere matter of conjecture, that the objection to the petition must be that appellant failed to allege where the intestate died, and to designate the particular court from which the grant of administration was obtained.

But if that be the objection, we think it is not well taken. The allegation that the payee of the note was dead, and that plaintiff was duly appointed and qualified as his administrator, implies that the court, granting him letters of administration, had the jurisdiction to make the grant, and also that it was prperly done. And if it were not so, he should have denied it in his answer; but

having pleaded to the action, it was too late to question appellant's capacity to sue. Wherefore, the judgment is *reversed,* and the cause remanded for further proceedings consistent with this opinion.

*Robert, for appellant.*